IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U.S. Magistrate Judge Gordon P. Gallagher

Criminal Case No.:    15-mj-23-GPG

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAN OBANION

Defendant.

ORDER REGARDING DEFENDANT'S MOTION TO RE-EXAMINE THE PROSECTION'S EXPERT WITNESSES

This matter comes before the Court on Defendant's motion to re-examine the Prosecution's expert witnesses (ECF #133)[1] and the Government's response (ECF # 135). The Court has reviewed each of the aforementioned documents and any attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. Oral argument is not necessary to resolve this discrete issue. For the following reasons, I **DENY the motion.**

---

[1] "(ECF #133)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

A *Daubert* hearing was held in this matter on 9/27/16 upon the filing of Defendant's motion *in limine* on that subject (ECF # 113). The Defense challenged the qualifications and methodology of two National Forrest Service experts endorsed by the Government with regard to their conclusions that the abandoned mine buildings were of archaeological interest and were more than 100 years of age. At the conclusion of such hearing, after testimony and argument, the Court denied the motion finding: (1) the evidence relevant; (2) that the experts had the requisite knowledge, experience, training education and skill to render an opinion in the specific area; and (3) that the methodology, facts and data made the opinions sufficiently reliable to be heard by the jury.

As Defendant proceeds *pro se* the Court must construe the motion liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. I construe the motion as requesting reconsideration as to my earlier determination as to the admissibility of the expert's testimony.

Defendant now moves for re-examination of the expert witnesses on the basis that the witnesses are not experts as to the "true meaning and intent of the Archaeological Resources Protection Act of 1979" (ARPA) (ECF #133, p.2). Defendant also challenges the experts on the basis that he believes the site was on private and not public land. Defendant also challenges the experts for using a "bogus site number." *Id*. Defendant also challenges the experts on the basis that the expert report contradicts the Congressional Record regarding ARPA.

Defendant misapprehends the screening power of the Court regarding experts as set forth in Federal Rules of Evidence 702, 703 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S.Ct. 2786 (1993). My role is to determine, as I set forth above, whether the jury may properly hear the testimony of the experts proposed by the party (in this case the Government) and to prescreen the evidence based on the numbered criteria above. I have no doubt that the Defendant disagrees with the conclusions reached by the experts and perhaps even with the facts upon which they relied. Ultimately, the finder of fact, in this case a jury, will decide the facts of this case and apply them to the law as I instruct them.

As to Defendant's arguments regarding ARPA and whether the experts relied on the correct law in forming their opinion, this is not the proper fashion in which to address that issue. I am aware that Defendant holds the following beliefs regarding ARPA: (1) that the 100 years is not a rolling date but a fixed one based on a calculation of 100 years from the date set by Congress for the institution of the law and (2) that ARPA applies to Native American sites and not to a mining cabin/structure of the sort implicated in this action. Those are legal determinations as opposed to such matters mentioned above like the public/private land dispute or the "bogus" site number. I will make a determination as to what the law is in this matter and so instruct the jury. Defendant's motion, filed separately, on the issue of ARPA interpretation, will be addressed by separate Order. Should the experts have improperly understood the law as they applied it to their expert opinions, this will be fodder for the jury in terms of what weight to give to any such opinion.

Based on the foregoing, I find no reason to change my prior ruling on the subject and no basis to allow further pre-trial examination of the experts who have heretofore testified.

Accordingly, it is hereby **ORDERED** that Defendant's motion is DENIED.

Dated December 28, 2016.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge