IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U.S. Magistrate Judge Gordon P. Gallagher

Criminal Case No.:   15-mj-23-GPG

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAN OBANION

Defendant.

ORDER REGARDING DEFENDANT'S MOTION TO DISMISS ALL CHARGES OR APPOINT COMPETENT COUNSEL

This matter comes before the Court on Defendant's motion to dismiss all charges or appoint competent counsel (ECF #130)[1] and the Government's response (ECF # 135). The Court has reviewed each of the aforementioned documents and any attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises.  Oral argument is not necessary to resolve this discrete issue. For the following reasons, I **DENY the motion.**

---

[1] "(ECF #130)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

Defendant moves the Court to dismiss this action or to appoint competent counsel to represent him. Some history is in order:

Defendant appeared before the Court on 8/31/15 for arraignment, was found to be indigent and was appointed Counsel in the person of Colleen Scissors, Esq. Ms. Scissors, who discontinued practice in Federal Court, was allowed to withdraw from representation of Defendant on 1/7/16. Brian Leedy, Esq. from the Federal Public Defender's Office was appointed in her stead and was allowed to withdraw on 2/16/16. At that time, William Richardson, Esq. was appointed to represent Defendant. Mr. Richardson moved to withdraw on 7/21/16 and the motion was granted on 7/26/16. At that time, Ronald Berger, Esq. was appointed to represent Defendant. Mr. Berger withdrew from representation on 9/27/16 at the conclusion of a *Daubert* hearing which was conducted that day.

Due to the nature of the conflict between many of the Counsel appointed for Defendant and Defendant himself, the exact conflict was not fully aired pursuant to the attorney-client privilege and the interaction of the Colorado Rules of Professional Conduct 1.6 and 1.16. However, during the repeated hearings on this matter, the issue was fleshed out as follows: Defendant believes that the Archaeological Resources Protection Act of 1979 (ARPA) is being misconstrued by both the Government and by Defense Counsel. Defendant wished for his various Counsel to adopt this position and file motions to dismiss on that basis. His Counsel, as Officers of the Court and believing that they did not have a good faith basis to file such motions, refused to do so. Therefore, Defendant wanted them discharged as he believed that their performance was thus deficient. An extensive advisement was provided to Defendant regarding this matter on

10/24/16 (ECF #127,pp. 93-127, transcript of that hearing).  That reasoning is made a part of this Order.

The Court clearly informed Defendant that the Court would not continue to appoint Counsel on the basis that current Counsel refused to file motions which they thought had no substantial justification in the law.  Defendant could, and has, filed those motions *pro se*, but Defendant did not get to keep rolling the dice in the hopes that he would be appointed Counsel who might agree with his version of the statute.  I would note that I appointed standby/advisory Counsel to be present with Defendant at all future hearings.

Defendant's instant motion rehashes those issues.  Defendant believes that this action should be dismissed because I refuse to appoint new Counsel.  Defendant was unequivocally informed, prior to discharging Mr. Berger, that new Counsel would not then be appointed.  That warning was also provided at the time of discharge of prior Counsel.

Defendant's arguments are that:

1. Counsel appointed to date were not competent (ECF #130, p.1);

2. Counsel misconstrued ARPA (ECF #130, pp. 2-24);

3. Counsel did not pay heed to Defendant's *Miranda* rights and failed to file a motion on this issue (ECF #130, p.24) (I would note that this is the first instance Defendant has raised this issue with the Court) (Defendant has filed a separate motion on this matter which is set for hearing ECF #131)(co-Defendant Kondyjowski filed a motion

3

to suppress regarding this issue, ECF #37, the Government responded, ECF #46, but the motion was never litigated due to the dismissal of the action as to the co-Defendant); and

4.      Counsel Berger was "inept" in his examination of potential expert witnesses (ECF #130, p.25).

To the extent that I am able, of course not being privy to the confidential communications between Defendant and his Counsel except to the extent they have been revealed in open Court, I have examined the performance of each Counsel to date. Disregarding the efforts of Attorney Scissors who withdrew for other reasons, I find nothing to indicate that any Counsel's performance has been deficient in any fashion. Defendant's motion is wholly without substance and appears to be a conflated belief that because he understands the statute in a fashion different from multiple attorneys, they are wrong and he is right.  This is neither a valid basis for dismissal of the action nor a basis to reconsider my decision not to continue appointing new Counsel for Defendant.

Based on the foregoing,  it is hereby **ORDERED** that Defendant's motion is DENIED.

Dated December 29, 2016.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge