IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U.S. Magistrate Judge Gordon P. Gallagher

Criminal Case No.:    15-mj-23-GPG

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAN OBANION

Defendant.

---

ORDER REGARDING DEFENDANT'S MOTION TO DISMISS ALL CHARGES FOR ABSENCE OF FEDERAL JURISDICTION (ECF #132) termed "Motion 3"

---

This matter comes before the Court on Defendant's motion to dismiss (ECF #132)[1] and the Government's response (ECF # 135).  The Court has reviewed each of the aforementioned documents and any attachments.  The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises.  Oral argument is not necessary to resolve this discrete issue.  For the following reasons, I **DENY the motion.**

---

[1] "(ECF #132)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

Defendant moves the Court to dismiss this action for two reasons:

1.     Defendant claims that the acts charged did not occur on federal land and that the Court thus has no jurisdiction; and

2.     Defendant claims that one of the offenses with which he is charged, the alleged violation of the Archeological Resources Protection Act (ARPA) 16 U.S.C. § 470ee(a), does not apply for two sub-reasons:

   a.     The 100 year time frame in ARPA began on the date the statute took effect and does not roll forward; and

   b.     The nature of the mining claim upon which the alleged crime occurred is removed from ARPA jurisdiction.

The Court must construe the motion liberally because Defendant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.

The requirement of occurrence on federal land:

Defendant is charged with one violation of 16 U.S.C. § 470ee(a) an element of which crime requires proof that the crime occurred on either "public lands" or "Indian lands." *Id*. This is an element which must be established, to the satisfaction of the jury, beyond a reasonable doubt. No further proof is required in this pre-trial posture as this is

an element which must be proven at trial.  Defendant is also charged with two counts of violating 36 C.F.R. § 261.9.  For purposes of conviction, the Government must prove that the crime occurred on National Forest System Land.  *See*  36 C.F.R. § 261.1.  As with the first count, this is a factual issue for the jury, not fodder for pre-trial dismissal.

ARPA

Defendant first argues that ARPA is being incorrectly applied due to a misconstruction of the 100 year requirement which states "No item shall be treated as an archaeological resource under regulations under this paragraph unless such item is at least 100 years of age."  16 U.S.C. § 470bb(1).

ARPA took effect in 1979.  *See* Pub.:. 96-95, § 3, Oct. 31, 1979, 93 Stat. 721.  Essentially, Defendant argues that the 100 year mark for ARPA for all time is to be dates back (to 1879) and remains fixed at that time.  Thus, without future legislation, no matter the length of our Republic, items are only protected by ARPA if they pre-date 1879.

The stated purpose of ARPA is "to secure, for the present and future benefit of the American people, the protection of archaeological resources and sites which are on public lands and Indian lands . . ."  16 U.S.C. § 470aa(b).

"[T]he starting point for interpreting a statute is the language of the statute itself." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980). When words are not defined within the statute, we construe them "in accordance with [their] ordinary or natural meaning." *FDIC v. Meyer,* 510 U.S. 471, 476, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). We do not, however, do so blindly.

3

> [F]requently words of general meaning are used in a statute ... and yet a consideration of the whole legislation, or of the circumstances surrounding its enactment, or of the absurd results which follow from giving such broad meaning to the words, makes it unreasonable to believe that the legislator intended to include the particular act.

*Holy Trinity Church v. United States,* 143 U.S. 457, 459, 12 S.Ct. 511, 36 L.Ed. 226 (1892). In such cases, resorting to dictionary definitions may be helpful. *See MCI Telecomm. Corp. v. Am. Tel. & Tel. Co.,* 512 U.S. 218, 225, 114 S.Ct. 2223, 129 L.Ed.2d 182 (1994).... Ultimately, though, "[a]mbiguity is a creature not of definitional possibilities but of statutory context," *Brown v. Gardner,* 513 U.S. 115, 118, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994), so the touchstone of statutory analysis should, again, be the statute itself.

There is little or no case law interpreting the "100 year" time frame within ARPA. Perhaps the closest case proffering an interpretation is *U.S. v. Shivers*, 96 F.3d 120 (5th Cir. 1996) (addressing the age of certain tokens as being between 50 and 100 years old and thus not falling within ARPA but never raising the issue of pre or post 1879.  In the absence of instructive case law, I must fall back on the statutory interpretation principles enumerated above.

I am convinced, for a number of reasons, that Congress meant for the 100 years to roll forward, e.g. in 2017 an item would have to have be dated at or before 1917, to be an archaeological resource.  First, had Congress wanted to only protect items from 1879 or before, they could have said so in clear language to that effect.  Second, we hope as a nation that our marvelous experiment with democracy and self-government extends far into posterity.  It would be an absurd result for a court to be sitting in 2100, or 2200 or 2300 and be unable to protect an archaeological resource which could by then be

hundreds of years old because it did not predate 1879. The common sense interpretation of the 100 year clause is just what it says, the item must be 100 years old, as of the date of violation.

Defendant's final argument is essentially that ARPA only applies to Native American sites or sites that meet "the criteria of being listed or eligible for listing in the National Register of Historical Places." (ECF #132, p. 10) (sic). I reject this argument as well as being legally unfounded.

ARPA defines "archeological resource" broadly:

The term "archaeological resource" means any material remains of past human life or activities which are of archaeological interest, as determined under uniform regulations promulgated pursuant to this chapter. Such regulations containing such determination shall include, but not be limited to: pottery, basketry, bottles, weapons, weapon projectiles, tools, structures or portions of structures, pit houses, rock paintings, rock carvings, intaglios, graves, human skeletal materials, or any portion or piece of any of the foregoing items. Nonfossilized and fossilized paleontological specimens, or any portion or piece thereof, shall not be considered archaeological resources, under the regulations under this paragraph, unless found in an archaeological context. No item shall be treated as an archaeological resource under regulations under this paragraph unless such item is at least 100 years of age.

16 U.S.C. § 470bb(1). The courts, in the limited case law in this area, have not found as Defendant asserts, that only Native American resources are protected. *See Fein v. Peltier*, 949 F. Supp. 374, 376, 379-80 (V.I. 1996) (holding ARAP applicable when the resource was post-colonial "slave quarter[s]." Again, as with the statutory interpretation above, had Congress intended to limit ARPA to Native American sites, they could have done so, but did not. It would be obtuse to exclude from protection such resources as Monticello, Lincoln's birthplace, the Alamo, or perhaps even a humble miner's cabin in the mountains of Colorado. In addition, I find no requirement in the statute that a site qualify for or be listed in the National Register of Historic Places. In fact, it is proper to

keep the location or nature of resources secret in some circumstances. *See* 16 U.S.C. § 470hh.

As to Defendant's jurisdictional argument embedded within this argument, he seems to be arguing that the site of this alleged crime was not on federal land. To the extent that is a factual issue, it is ripe for presentation at trial, e.g., whether or not the site of the cabin was public land, and if so what type, or not.

Based on the foregoing, it is hereby **ORDERED** that Defendant's motion is DENIED.

Dated January 16, 2017.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge